George Andrews, J.,
delivered the opinion of the Court.
The transcript of the record in this case, shows that, at the September Term, 1865, of the Circuit Court for Davidson County, (the County Court having failed to nominate a jury for that Term,) the Circuit Judge designated and directed the Sheriff to summon a panel of jurors, from which a Grand Jury was selected in the usual manner. No writ of venire fados appears to have been issued for this purpose, nor do we think such writ was necessary under our statutes: Code, secs. 3993, 4016. But the Court, under these sections of the Code, should designate the jurors, and direct the Sheriff to summon them-
The record shows the return of the .grand jury into Court, and the presentment of a bill of indictment against the defendant, of which a copy is given in the record. It then appears from the certificate of the Clerk of said Circuit Court, that he sent a copy of said indictment, together with a transcript of the other proceed *3 ings in said Circuit Court, to the Criminal Court for Davidson County. By the provisions of the Code, sec. 4251, the grand jury impaneled in the Circuit Court for Davidson County, may find bills of indictment, which, when found, are to be transferred immediately, with all the papers, by the clerk of that Court, to the Clerk of the Criminal Court for Davidson County, for trial.
It does not appear that the original indictment was ever transmitted to the Criminal Court. The only record of the indictment in this transcript, is a copy from the copy sent to the Criminal Court; and we must infer that the prisoner, if tried in the Criminal Court, was tried upon the copy of the indictment so sent. This was erroneous. The Code, secs. 5138-9, provides that indictments in cases of felony shall be entered in full on the minutes of the Court, and that a copy of the minutes shall be as good and valid as the originals, if at any time, the latter are lost, destroyed, misplaced, or eloined. A defendant cannot be tried upon a copy of the indictment except in the cases provided by statute; and there is nothing in this record to show that a contingency had arisen authorising the Court to proceed upon a copy only, nor any reason why the original was not sent from the Circuit to the Criminal Court.
It is objected that the record should show an order of the Circuit Court formally directing the clerk to transmit the papers and proceedings to the Criminal Court. "We think, however, that, upon a proper construction of the statute, the papers must be transmitted by the clerk, and that no formal order of the Court was necessary.
This record is so singularly imperfect that it is im *4 possible to determine from it with certainty, whether the prisoner was tried in the Circuit Court, in the Criminal Court, or in some other. The transcript is certified here by the Clerk of the Criminal Court, but the caption at the commencement of the record, is that of the Circuit Court, and no caption of the Criminal Court, nor any mention of the Criminal Court, appears in the entire record, except in the gratuitous statement of the Clerk of the Circuit Court, that the proceedings in that Court had been transferred to the Criminal Court. It is true, the Code, sec. 5242, provides that the omission of the caption from the transcript shall not be ground for reversal of the judgment; but we think this cannot be held to apply to a case like the present, where the caption presented is that of a court having no jurisdiction to try the case, and it is iitipossible to determine from the record, which of the two courts did proceed to try it. It is not enough that there may be from all the circumstances, strong grounds of inference that the prisoner was tried and convicted in the proper tribunal.
The judgment will be reversed, and the prisoner remanded.
The transcript in this case shows gross negligence on the part of the Clerk of the Criminal Court of Davidson County, and no costs will be taxed in his favor for making it.